1 | Diane L. McGimsey (SBN 234953)
mcgimseyd@sullcrom.com
2 | SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
3 | Los Angeles, California  90067-1725
Tel.:   (310) 712-6600
4 | Fax:   (310) 712-8800

5 | *Attorney for Defendant*
*Standard Chartered Bank International (Americas) Ltd.*

6 |

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 |

11 | SERGIO GAVALDON,            ) Case No. **'16CV0590 BTM JLB**
an individual,              )
12 | ANGELICA GAVALDON,          ) **NOTICE OF REMOVAL OF**
an individual,              ) **CIVIL ACTION: UNDER 28**
13 | S&A INVESTMENTS, INC.,      ) **U.S.C. § 1441(b) (FEDERAL**
a Cayman Island Trust Company and ) **QUESTION AND DIVERSITY)**
14 | HARLEY INVEST LTD.,         )
a Cayman Island Trust Company, )
15 |                             )
            Plaintiffs,         )
16 |                             )
       v.                       )
17 |                             )
STANDARD CHARTERED BANK         )
18 | INTERNATIONAL, INC.,        )
an Edge Act Corporation,        )
19 | STANCHART SECURITIES        )
INTERNATIONAL, INC.,            )
20 | a Florida Corporation,      )
CARLOS GADALA MARIA,            )
21 | an individual,              )
LUISA SERENA,                   )
22 | an individual, and          )
DOES 1-50,                      )
23 |                             )
            Defendants.         )
24 |                             )

25 |

26 |

27 |

28 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Standard Chartered Bank International (Americas) Ltd. ("SCBI"),[1] by and through its undersigned counsel, gives notice that it is removing the action entitled *Galvaldon* v. *Standard Chartered Bank International, Inc., et al.*, No. 37-2016-00000697-CU-SL-CTL, currently pending in the Superior Court in and for San Diego County, California, to the United States District Court for the Southern District of California, on the ground that the United States District Court for the Southern District of California has original jurisdiction over this action pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1332.

## PROCEDURAL FACTS

1. On January 11, 2016, Plaintiffs filed a complaint against SCBI, Stanchart Securities International, Inc. ("SCSI"), Carlos Gadala Maria, Luisa Serena, and "Does 1 to 50," in the Superior Court of the State of California in and for the County of San Diego (the "Complaint") and a Summons was issued.

2. There is no record of any defendants having been served with a Summons or Complaint. A copy of the Summons and Complaint filed with the Superior Court of the State of California in and for the County of San Diego are attached hereto as Exhibit A.

3. "Does 1 to 50" have not been identified and there is no record of their having been served with the Summons and Complaint.

---

[1] Plaintiffs incorrectly refer to the successor to American Express Bank International as Standard Chartered Bank International, Inc., which is not an actual entity. The successor entity to American Express Bank International is Standard Chartered Bank (Americas) Ltd., which is an Edge Act Corporation.

## FEDERAL QUESTION JURISDICTION AND REMOVAL UNDER 12 U.S.C. § 632

4. This Court has original jurisdiction pursuant to the Edge Act of 1913, 12 U.S.C. § 632, which provides in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States. . . .

5. "The jurisdiction-granting provision in section 632 thus states that a case 'arise[s] under the laws of the United States' if (1) the case is civil in nature, (2) one of the parties is a corporation organized under the laws of the United States, and (3) the suit arises out of transactions involving, *inter alia,* international banking or international financial operations." *Jana Master Fund, Ltd.* v. *JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 328 (S.D.N.Y. 2007). *See also Huynh* v. *Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (Edge Act "invests in the federal courts original jurisdiction over cases arising out of foreign banking transactions to which a U.S. corporation is a party.").

6. This action is a civil suit. *See Hernandez Perez* v. *Citibank, N.A.*, 328 F. Supp. 2d 1374, 1377 (S.D. Fla. 2004) (interpreting the Edge Act to "broadly include all civil actions" (citing *Federal Reserve Bank of Atlanta* v. *Thomas*, 220 F.3d 1235, 1240 (11th Cir. 2000)). Plaintiffs assert state common law claims of fraud, deceit, negligence, breach of fiduciary duty, and unjust enrichment.

7. Defendant SCBI is a corporation organized under the laws of the United States. In particular, SCBI is organized under Section 25(a) of the Federal Reserve Act as an Edge Act corporation (12 U.S.C. § 611 *et seq.*) for the purpose of engaging in international or foreign banking and international or foreign financial operations, and its Articles of Association conform to 12 U.S.C. § 612. Indeed, Plaintiffs name SCBI as "an Edge Act corporation." (Compl. caption.)

8. Moreover, this action arises out of transactions involving international banking or international financial operations:

- Plaintiffs are "Mexican nationals" and Cayman Island entities that opened and maintained one or more accounts at an Edge Act corporation bank and "sought the security of a reputable international bank, with U.S.-dollar denominated accounts." (Compl. ¶¶ 3, 4, 18.)
- Plaintiffs allege that they lost money investing in the Fairfield Sentry Ltd. fund, a British Virgin Islands fund, and that SCBI and/or the other defendants recommended the fund to them without conducting adequate due diligence. (Compl. ¶¶ 24, 44, 54-68.)
- Plaintiffs also allege that they lost money investing in other international bond and equities funds that SCBI and/or the other defendants recommended, including the "Global Emerging Market Short-Term Bond fund" (Compl. ¶¶ 31-41), and the "Signature Global Equities" fund (Compl. ¶ 44).

9. In addition, since 2009 more than 50 other individual and putative class actions alleging substantially similar claims against SCBI have proceeded in a multidistrict litigation pending in the United States District Court for the Southern District based on Edge Act jurisdiction of the federal courts. *See Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 360, 364 n.3 (S.D.N.Y. 2010) ("As SCBI is alleged to be organized under the laws of the United States and this case

-3-

involves international banking, subject matter jurisdiction is proper under 12 U.S.C. § 632."); *Anwar* v. *Fairfield Greenwich Ltd.*, 2015 U.S. Dist. LEXIS 100773, at *72 (S.D.N.Y. July 29, 2015) (describing cases pending against SCBI). Several of those actions were removed from state court, including one action naming SCBI and Defendant Luisa Serena that was removed from the Los Angeles County Superior Court to the United States District Court for the Central District of California. *See Anwar*, 745 F. Supp. 2d at 364 n.3 (finding jurisdiction under Edge Act); *Valladolid* v. *Am. Express Bank Ltd.*, 09-cv-06937-GHK-FMO, Dkt. # 1 (C.D. Cal. Sept. 23, 2009) (notice of removal from state to federal court on basis of Edge Act); *see also Headway Inv. Corp.* v. *Am. Express Bank Ltd.*, 09-cv-21395-CMA, Dkt. # 1(S.D. Fla. May 22, 2009) (removing similar action from Florida Circuit Court to United States District Court for Southern District of Florida); *Anwar*, 2015 U.S. Dist. LEXIS 100773, at *72 (S.D.N.Y. July 29, 2015). All of those cases involved former SCBI clients, like Plaintiffs here, asserting state common law claims against SCBI and affiliated entities based on allegedly improper recommendations to invest in Fairfield Sentry, a feeder fund to Bernard L. Madoff Investment Securities LLC. *See Anwar* v. *Fairfield Sentry Greenwich Ltd.*, WL 4610406, at *12 (S.D.N.Y. July 29, 2015).

10. Because SCBI is removing pursuant to the Edge Act, 12 U.S.C. § 632, joinder in the removal notice by the other defendants in this action is not required. *See Wenzoski* v. *Citicorp.*, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979).

**DIVERSITY JURISDICTION AND REMOVAL UNDER 28 U.S.C. § 1332**

11. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties to this litigation are diverse and the amount in controversy exceeds $75,000. 28 U.S.C § 1332(a) provides in pertinent part:

> The district courts shall have original jurisdiction of all
> civil actions where the matter in controversy exceeds the

-4-

> sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state . . . .

12. Plaintiffs are all citizens or subjects of a foreign state: Sergio and Angelica Gavaldon are citizens of Mexico (Compl. ¶ 3), and plaintiffs S&A Investments, Inc. and Harley Invest Ltd. are Cayman Island trust entities (Compl. ¶ 4).

13. Defendants are all citizens of a U.S. state. Specifically, SCBI is a citizen of Florida for purposes of diversity because its main office and principal place of business is located in Florida. *Rouse* v. *Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (national bank is citizen of state where its main office is located); *Martinez* v. *Wells Fargo Bank, N.A.*, 2014 WL 997390, at *2 (C.D. Cal. Jan. 8, 2014) (federally chartered bank was citizen of state of its principal place of business). Defendant SCSI is also a citizen of Florida, its state of incorporation and principal place of business. Upon information and belief, Defendant Carlos Gadala Maria is a citizen of Florida and Luisa Serena is a citizen of California.

14. The citizenship of Does 1-50 (which is not alleged in the Complaint) "shall be disregarded" under 28 U.S.C. § 1441 for purposes of determining removability. 28 U.S.C. § 1441(b)(1).

15. Moreover, Ms. Serena's citizenship in California does not bar removal under 28 U.S.C. § 1441(b)(2) because she has not been "properly joined and served" in this action. *Allen* v. *Eli Lilly & Co.*, 2010 WL 3489366, at *2 (S.D. Cal. Sept. 2, 2010) ("The forum defendant rule is inapplicable if the removal is effected by an out-of-state defendant before any local defendant is served.") (citing *Spencer* v. *U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004)); *Saratoga Advantage Trust Tech. & Comc'ns Portfolio* v. *Marvell Tech. Grp., Ltd.*, 2015 WL 9269166, at *2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand where forum defendant had not been served at time that notice of removal was filed); *Timmons* v. *Linvatec Corp.*, 2010 WL 2402918, at *1 (C.D. Cal. Jan. 14,

-5-

2010) (same); *Republic W. Ins. Co.* v. *Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("[A] resident defendant who has not been served may be ignored in determining removability" (internal quotation marks and citation omitted)).

16. Similarly, joinder in this removal notice by the other defendants is not required because those defendants have not been properly served at this time. *Hepler* v. *Washington Mut. Bank, F.A.*, 2008 WL 4657736, at *2 (C.D. Cal. 2008) ("Washington Mutual did not have to obtain the consent of the six individual defendants before removal because those defendants had not been properly served at the time of removal."); *Republic W. Ins. Co.*, 765 F. Supp. at 629 ("The law of this circuit, however, is that defendants upon whom service has not been effected at the time the notice is filed, need not join the notice of removal.") (citing *Salveson* v. *W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)).

17. Finally, Plaintiffs allege an amount in controversy exceeding $75,000. (*See, e.g.*, Compl. ¶ 137 ("As a direct and proximate result of the SCB Defendants' fraudulent conduct and concealment, the Gavaldons has [sic] suffered, or will suffer, actual and pecuniary losses and damages in an amount in excess of $1 million . . . ."),¶ 149 (same), ¶ 160 (same).)

18. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332(a).

19. By filing this Notice of Removal, SCBI does not waive any defenses.

20. Although not required to remove this action based on Edge Act jurisdiction, 12 U.S.C. § 632, this Notice of Removal is filed within thirty days after the receipt by SCBI, through service or otherwise, of a copy of the Complaint. *See* 28 U.S.C. § 1446(b).

21. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, SCBI has served Plaintiffs with a copy of this Notice of Removal, and has filed, together with a copy of the Notice of Removal and supporting papers, a Notification of Removal with the Clerk of the Superior Court in San Diego County, California.

SULLIVAN & CROMWELL LLP

NOTICE OF REMOVAL OF ACTION

22.     This action is not a non-removable action under 28 U.S.C. § 1445.

**WHEREFORE**, Defendant Standard Chartered Bank International (Americas) Ltd. removes this action from the Superior Court in and for San Diego County, California to the United States District Court for the Southern District of California.

Dated: March 8, 2016

Respectfully submitted,

By: s/ Diane L. McGimsey
Diane L. McGimsey

Attorney for Defendant
STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD.
Email: mcgimseyd@sullcrom.com

SULLIVAN & CROMWELL LLP